## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Hassan Abdi, Maria Abril Gonzalez, Fernando Acono, Nancy )
Acosta, Julia Acosta, Juan Acupina, Imelda Adame, Antonio )
Adan, Mawuli Agblewonou, Mirella Aguilar, Angel Aguilar, )
Rosa Aguilera, Miguel Aguiniga-Gonzalez, Akrour Ajamila, )
Deneen Akins, Abdul Al Juboory, Abeba Alemu, Ricardo Alicea, )
Frederick Allen, Latricia Allen, Antonio Allen, Victoria ) **Judge**
Almaguer, Oliva Almaraz, Karen Alvarado, Maria Alvarez, )
Brenda Anderson, Kyle Anderson, Dora Andrade, Jorge Angeles, ) **Magistrate Judge**
Annex Anyanwu, Petko Apostolov, Janina Archacka, Irma )
Arriaga, Marta  Arroyo, Antionetta Artis, Milena Asenova, Like ) **Case No.**
Asfaw, Mariana Atanasova, Cassandra Austin, Eden Avila, Eloisa )
Avila, Maria Ayala, Emiliette Ayi, Gelacio Bahena, William )
Baker, Malachie Massamba Baku, Teresa Ballesteros, James )
Baltimore, Daniel Barajas, Edgar Barajas, Tewodros Baraki, )
William Barcenas, Orissa Barksdale, Jovan Barnes-Cooper, )
Christopher Barrientos, Edgar Barrios, Vasyl Bartko, Bob )
Bassett, Eyerusalem Bekele, Eyob Belachew, Karonda Bell, )
Josue Beltran, Julian Benitez Caez, Gary Benjamin, Sarah )
Bennett, Eric Benson, Ahreem Bentley, Jose Ramon Bernal, )
Freddie Berrios, Marian Bess, Maria Betancourt, Marva )
Billingslea, Sisson Billy, Will Binns, Tiara Bishop, Armando )
Blanco, John Bolden,  Maria Bonete, Zofia Borodziuk, Gavin )
Bovan, Alina Bozecka, Spencer Brandt, Preston Braxton, )
Agustina Briones Yuman, Lydia Brito Cartagena, Noel Brock, )
Sindia Broeker, Mildred Brown, Derrick Brown, Antjuan Brown, )
Damion Brown, Charnese Brown, Angel Bruno, Helena )
Brzezinska, Juan Buckner, Ruth Bueno De Sanchez, Kobi Burks, )
Bogusia Buss, Rhonda Butler, Theoda Bynum, Dorota Cabala, )
Maria Cabrales, Jessica Cabrera, Veronica Cabrera, Benita )
Cabrera-Orduna, Darrell Cain, Eusebio Calderon, Jesus Calderon, )
Jamayri Calderon Fuentes, Santia Camacho-Ortiz, Tinece )
Campbell, Christian Cardona, Florentino Carranza, Miguel )
Carreno, Lidia Cartagena, Ebony Carter, Marina Carvajal, )
Javier Casas, Zunilda Castillo, Catalina Castillo De Jimenez, )
Lucy Castillo Florentino, Maria Castrejon, Antonio Castro, )
Antonio Castro, Sharon Cathey, Ernestina Cervantes, Maria )
Cervantes, Nancy Chavez, Rosa Chiqui, Elzbieta Ciesielska, )
Ramiro Cieza, Angel Cifuentes, Maria Cifuentes, James Clark, )
Thomeesha Cobbs, Murdennia Coleman, Tolanda Collins, Olicia )
Collins, Adilia Colon, Alcides Comas, Cruz Contreras, Isidoro )
Contreras, Miosha Cooper, Lolita Cooper, Luis Coral, Maribel )
Corrales-Nunez, Eledet Cortes, Ruperto Cortes, Emeterio Cortes, )
Miguel Cortez, Dwight Crayton, Roberta Crosby, Leonard )

Crowder, Bradford Crowell, Andrea Crumb, Mariana Cruz, Javier )
Cubillo, Camille Cummings, Anprzej Cwanek, Geneva Daniels, )
Mansah Darku, Darrell Davis, Charles Davis, Aretha Davis, )
Margarita Sierra De Custodio, Hugo De La Paz, Julio De Los )
Santos, Silvina De Sales, Sonia Delgado, Vanessa Delgado, )
Maribel Lopez Delgado, Christine Dell, Andrea Dent, Simeon )
Diaz, Alinson Diaz, Joe Diaz, Cesar Diaz, Ma Lourdes Diaz, )
Armando Diaz Roman, Kussai Dkhan, Viaceslavas Donecas, )
Krystyna Dopart, Nicole D Dorsey, Elda Duarte Quiroga, )
April Dudley, Ramon Duenas, Sandrica Dupart, Demetruise Dye, )
Warren Edwards, Andre Elrod, Natalie Emery, Deborah English, )
Tanya Eskilson, Marsha Eskridge, Oscar Espinosa, Jesse )
Espinosa, Javier Espinoza, Zina Essa, Rosa Maria Falcon, )
Annette Faulkner, Gustavo Fernandes,Remedios Fernandez De )
Pilar, Hector Figuereo, Dyan Fisher Harris, Maria Flores, )
Raymond Flores, Rosa Flores, Judy Flynn, Tierra Foreman, )
Charles Foster, Antoni Frackowiak, Ashawna Franklin, Beverly )
Franzen, Janice Fredericks-Williams, Angela Freeman, Darnell )
Gaither, Jaime Galarza, Hilderto Gallardo, Victor Galvez, )
Nicole Garay, Maria Garay, Matthew Garcia, Norma Garcia, )
Ingrid Garcia, Sindy Garcia, Blanca Garcia, Moises Garcia, Jose )
J.  Garcia, Jesus Garcia  Figueroa, Stanley Garmon, Maricela )
Garro, Rozalia Gazek, Yared Gebregziabher, Kristina Georgieva, )
Henok Gezahne, Yad Ghalley, Jennifer Ghanayem, Cuba Gibson, )
Deshunn Gilmore, Ronald Gilmore, Lashuna Gilmore, Luz Giron )
De Reyes, Daut Gjoshi, Deborah Glasper, Dawid Gniecki, )
Julio Godoy Sandoval, Angel Goldman, Myrta Gomez, Antonio )
Gomez, Angel Gomez, Raymundo Gomez, Lilyana Gomez, )
Myrta Gomez, Regino Gomez Rangel, Delfino Gonzalez, Norma )
Gonzalez, Angel Gonzalez, Elizabeth Gonzalez, Lissette )
Gonzalez, James Gordon, Vickie Gould, Kazimierz Grabowski, )
Martell Graham, Charlene Granderson, Myeisha Grant, Jasmine )
Greer, Robert Groce, Nepton Guerra Montalvo, Guillermina )
Guillen, Bridgette Gunn, Marek Gurga, Eric Gutierrez, Sofia )
Veronica Rojas Gutierrez, Ana Guzman, Kemal Haile, Ana Hall, )
Idella Hamilton, Shannon Hammond, Tamara Hampton, Charlita )
Hardy, Chantel Hargrove, Marsha Harris, Jerry Harris, Donetta )
Harris, Mortaza Hassanzoda, Sharon Hatch, Delores Hawkins, )
Tracie Hawkins,  Mark Hawkins, Scottie Hayes, Tu Hei, Marcia )
Hemphill, Diane Henderson, Serafin Hernandez, Lucia )
Hernandez, Jezebel Hernandez, Nicholas Hernandez, Jose )
Hernandez-Velez, Alicia Herrera, Natalee Herrera, Dionne )
Herron, Alicia Hill, Palomina Hinton, Lyndell Hodges, Lyubov )
Horban, Michael Houston, Jackie Howard, Wanita Hoyle, Natalia )
Hryciuk, Vone Hudson, Tanika Humphries, Belinda Iglesia, )
Lucia Irazoquea, Erica Irizarry, Ilia Isallari, Anne Marie James, )

Jasmine James, Gregory James, Teresa Javier, Jasmine Jenkins,    )
Keyshon Jenkins, Tunoka Jett, Teodoro Jimenez, Olivia Jimenez,    )
Maria Jimenez-Hernandez, Ernestine Johnson, Passionate    )
Johnson, Laura Jones, Samantha Jones, Carla Jones, Teshina    )
Jones, Brianna Jones, Kierra Jones Stinson, Phillip Jordan,    )
Modene Jordan, Romulo Jubinal, Augusto Jurado, Sylva Kalonji    )
Paguy, Maria Kaminska, Miroslawa Kaminska, Marie Kaoty,    )
Gracia Kapinga Arina, Piotr Katanowski, Rifa Khosaba, Cosme    )
Kiki, Roger King, Dwayne Knighten, Maria Knych, Krystyna    )
Kosiba, Dominic Kotey, Joanna Kramarz, Janina Kramarz,    )
Micheal Landa, Kim Lee, Brittany Lee, Juan Carlos Leon, Jose    )
Luis Leon, James Lewis, Tonsha Lewis, Laura Lillio, Tracy Lin,    )
Angelica Lindt, Tyeisha Little, Nora Llarena, Jose Loarte    )
**Fernandez**, Krystal Loggins, Francine Lomax, Hector Lopez,    )
Juana Lopez, Yomaira-Deceased Lopez, Inocencio Lorenzo,    )
Theresa Love, Monique Love, Steven Loyd, Jhonathan Lozada    )
Sanchez, Victor Lozano-Ascencio, Luz Lucero-Vargas, Solinska    )
Lucyna, Angelica M.R., Mercedes Machado, Marek Maciej,    )
Yolanda Madulara, Leszek Magiera, Grazyna Magiera,    )
Ruby Malave, Jose P. Maldonado, Ruby Malibe, Concepcion,    )
Malinek, Jan Malinowski, Laymond Malone, Maricela Manrra,    )
Shaher Mansur, Victor Marchan, Leonardo Marin, Segundo    )
Marinas-Araujo, Carrie Marks, Guadalupe Marquez-Valdivia,    )
Randy Martin, Jorge Martinez, Noe Martinez, Alba L. Martinez,    )
Jose C. Martinez, Marta Alvarez Martinez, Elvira Martinez,    )
Leonardo Martinez, Malachie Massamba, Maria Del Carmen    )
Mayen-Yantuche, Zdzislaw Mazurkiewicz, Rogatien Mboboshi,    )
Clarence Mcclinton, Dorothy Mcswine, Kwaniqua Mcthay,    )
Rick Meaders, Robert Medina, Pedro M. Medina, San Martin    )
Medina, Rebeca Medina, Alhdie Mhmede, Viridiana Milanes    )
Arias, Dana M. Miller, Maranda Mitchell, Halyna Miz,    )
Vasyl Miz, Kathleen Mondie, Luz Montero, Martha Morales,    )
Nicholas Morales, Alexander Morales, Silvina Morales De Salez,    )
Lyubou Morban, Eloina Moreno, Roberto Moreno, Eloina    )
Moreno, Aisha Morgan, Sylvia Morris, Ethelene Morrison,    )
Danelle Moss, Alisha Motley, Stainslaw Mroz, Marian Nabieu,    )
Stella Namuwanga, Emma Narvaez, Cristina Naut, Jessica Leo    )
Naut, Genoveva Naut Gonzalez, Ernestina Naut-Gonzalez,    )
Manuel Nieves-Gollena, Nnennaya Nkumeh, Jaree Noel,    )
James Nolan, Shavon Nunez, Luz M O'hara, Stanislaw Olech,    )
Michalina Olech, Henryka Oleksky, Czeslan Oleszewskik,    )
Bassam Omar, Jerzy Omylak, Betsy Oquendo, Doris Orozco-    )
Collins, Enrique Ortega, Reynaldo Ortiola, Elaine Ortiz Albino,    )
Olga Ortiz-Albino, Javier Ortiz-Martinez, Edgar Osorio, Domitila    )
Ovalle, Aaron Overstreet, Jasper Owens, Jessie Padilla, Victoria    )
Padilla, Janette Padilla, Delia Paez, Maria Elena Paniagua De    )

Cortez, Lucia Parra, Chandler Patterson, Lawrence Patterson, )
Stanislaw Pawlus, Jose Pena, John Pender, Destiny Pendleton, )
Shakari Pendleton, Elidet C Peralta De Cortes, Nidia Perez, )
Vidaura Perez, Naomi Perez, Manuel Perez, Beatriz Perez, )
Jorge Perez, Monica Perez Alamillo, Edwin Perez-Morales, )
Elidate Peroltade, Torrence Perry, Callie Perry, Diane Petty, )
Gemoueto Petuei, Dajon Phillips, Leonya Pickel, Margarita Pina )
Jose De Abreau, Jozef Pindel, Olympia Plasencia, Gerry Pointer )
Sr., Thelma Ponciano, Lisa Posey, Genowefa Potkaj, Jovan )
Powell, Ludmila Prangova, Krystyna Prasol, Latricia Price, )
Jadwiga Pucilowska, Florije Purballari, Pellump Purballari, )
Nautica Purifoy-Ratliff, Syed Qadri, Oralia Gerogorio Quezada, )
Catalina Quiros, Jan Rado, Maria Rado, Krishna Rai, Luicelia )
Raices, Daniel Ramirez, Luz Mary Ramirez, Luz Ramos, )
Victor Ramoz, Kandanise Ramseur, Charles Randle, James )
Redmond, Maureen Reed, Tiatisha Reed, Aubert Relucio, Ada )
Resendez, Jose Resendez, Tony Retana, Marisol Reyes, Roberto )
Reyes, Brenda Rios, Angel Rios, Ethien Rivera, Robert )
Robinson, Chatara Robinson, Jazzmine Robinson, Jorge Robles, )
Omar Robles, Anais Rocha, April Rodgers, Dulce Rodriguez, )
Elizabeth Rodriguez, Lemuel Rodriguez, Yoli Rodriguez, Jorge )
L. Rodriguez, Norma Rodriguez, Angelica Rodriguez, )
Francisco Rodriguez, Nydia Rodriguez, Martha Rodriguez, )
Yajaira Rodriguez Ortiz, Maria Rodriguez-Soto, Veronica Rojas, )
Nilsson Roman Santiago, Antonio Romano, Rosa Roncal, )
Lyle Ropel, Diana Rosa, Jacarri Rose, Danielle Rowe, Gacek )
Rozalia, Miroslaw Rozylo, Mildred Rueda, Julian Rumbo, )
Fausat Salami, Araceli Salazar, Anthony Salazar-Carranza, )
Marcelina Salgado, Mariana Salgado De Miranda, Emilio Salinas, )
Nofissa Samar, Slimane Samar, Hector Sanabria, Sabas Sanchez, )
Miguel Sanchez, Jose Sanchez, Sergio Sanchez, Virginia )
Sanchez, Mercedes Sanchez, Maria Sanchez De Marin, Shona )
Sanderson, Desiderio Santiago, Edward Sarfo, Oscar Sauceda, )
Chresha Sawyer, Dushawn Scott, Aretha Scott, Jose Seda, )
Leonicia Segarra, Magaly Segarra, Margarita Segura, Jose )
Segura, Michael Seidler, Denise Serna, Betzabel Serrano Nieves, )
Lyubka Shishmanova, Bukurie Shyti, Blanca Silva, Ramon Silva- )
Atiencia, Kenyon Simpson, Spas Sirakov, Ewa Siwik, )
Wladyslawa Skrzynrarz, Henry Slevey, Gregory Smith, Cecile )
Smith, Prestonie Smith, Danny Smith, Larissa Smith, Darnell )
Smith, Maurice Smith, Maria Sobier, Rosa Sol, Rafael Sola, )
Lucyna Solinska, Doris Solsol, Amber Somerville, Nicole )
Sossouki, Sonia Soto, Edgar Soto, Sasha Soto, Wilfredo Soto )
Ortiz, Tasha Spearman, Adam Stankiewicz, Edna Staples, )
Melissa Stevenson, Portia Stevenson, Candace Stokes, Jerron )
Stokes, Phenando Stokes, Maria Stolowska, )

Cheryl Straughter, Tadeusz Strojny, Shemonah Stubbs,
Czeslaw Sweder, Teresa Sweder, Maria Sycz, Stanislaw Szulim,
Rodolfo Tamayo, Ronald Tate, Robert Terry, Mose Terry Jr,
Donna Thadison, Debbie Thompson, Michelle Thompson,
Pamela Tillman, Rosa Tito, Gloria Tito, Eduardo Toledo,
Angel Torres, Madeline Torres, Carlos Torres-Lazarini,
Arthur Townes, Jara Tramble, Scott Trice, Matthew J Trigo,
Bernardo Trujillo Antia, Tai Truong, Edward Turner,
Jerell Turner, Jolanta Twarowska, Alexander Twarowska,
Roberto Ugaz, Dobrin Valev, Icela Vallejo, Guillermo Varela,
Luz Lucero Vargas, Rogelio Vargas, Santiago Vargas, Anibal
Vasquez, Danny Vasquez, Yvonne Vazquez, Rita Vega, Edgar
Vega, Sally Vega, Catarino Vega, Enrique Velazquez, Jaime
Villagomez, Maria Villalba, Gilberto Villanueva, Jeannette
Villarini, Miguel Vivanco, Roberta Walker, Robert Wallace,
Dantonette Wallace, Dorian Walls, Katiyana Walls, Zu Wang,
Velma Ward, Marinda Wardlow, Lakia Warner, Cassandra
Warren, Felicia Washington, Alanda Washington, Sheena Watts,
Leonard Wdzieczny, Nkeyah Weathersby, Maria Weglarz,
Jamika Wells, Josette White, Valentine Whittaker, Shanbril
Whooper, Oneish Wilkins, Georgetta Williams, Deanna
Williams, Jatesha Williams, Romonda Williams, Dennis
Williams, Jennifer Williams, Melannie Williams, Gene
Willingham, Latifah Wilson, April Wilson, Antoinette Winters,
Elzbieta Wnek, Lucinda Woodridge-Carter, Demesha Woods,
Vonda Wright, Doris Yambo, Bernadette Yarbrough, Sintayehu
Yemane, Dulce Maria Yerbes De Ramirez, Simone Young,
La Vanzellia Young, Jan Zajac, Veronica Zastro, Gerard Ziemba,
Tranra Zubeva, and Rene Zuniga,
,

**Plaintiffs,**

**-v.-**

**SCRUB, INC.; TERESA KAMINSKA; and MARK RATHKE,**

**Defendants.**

**COMPLAINT**

The above-named Plaintiffs (collectively, "Plaintiffs"), for their Complaint against the above-named Defendants (collectively, "Defendants"), state as follows:

**Nature of Plaintiffs' Claims**

1. This is an individual action by each of the Plaintiffs under the Fair Labor Standards Act ("FLSA"); and a Rule 23 class action under the Illinois Minimum Wage Law ("IMWL") and the Illinois Wage Payment And Collection Act ("IWPCA"), involving janitors whose clock times as reflected on punch cards were improperly and detrimentally rounded by Defendants, and who were otherwise not properly compensated. In addition, each of the Plaintiffs were denied the full extent of their statutorily-required meal breaks, and were not paid for work performed during their unpaid meal breaks. Defendants' practices caused injury to Plaintiffs because they deprived the janitors of their earned wages and overtime.

**Jurisdiction and Venue**

2. This Court has original federal question jurisdiction under 28 U.S.C. §1331 for the claims brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. This Court's supplemental jurisdiction over Plaintiffs' state law claims are required pursuant to 28 U.S.C. § 1367, because those claims are so related to claims in the action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. This Court has personal jurisdiction over the Defendants for reasons that include:

(a) Defendants conduct business and enter into contracts within the State of Illinois and in this District and with businesses located within the State of Illinois and in this District;

(b) As more specifically pled below, Defendants purposefully originated, implemented and controlled the wage and hour policies and practices that gave rise to the FLSA claims asserted herein, and Defendants purposefully directed their improper wage and hour policies and practices at residents of the State of Illinois and janitors who reside in this District, among other people;

(c) Defendants have purposefully directed the marketing of their janitorial services at residents and businesses located in the State of Illinois; and

(d) Defendants purposefully solicit Illinois businesses to enter into service agreements.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as Defendants have offices, conduct business, and can be found in the Northern District of Illinois, and the causes of action set forth herein have arisen and occurred in part in the Northern District of Illinois.

**Parties**

*Plaintiffs*

5. Each of the Plaintiffs was employed by and have worked at various times beginning from approximately 2005 through the present as hourly paid non-exempt janitors for Defendants in this District, at O'Hare International Airport, during the applicable statutes of limitations period.

6. On April 27, 2015, the court in Solsol, et al. v. Scrub, Inc., et al, , Case No. 13 C 7652, N.D. Ill, Gettleman, J., (herein,"Solsol"), conditionally certified a Rule 216(b) class consisting of individuals who have worked for Scrub as hourly non-exempt employees at O'Hare since October 24, 2010, including all of the named Plaintiffs in this case. The effect of that ruling was, among other things, to toll the limitations period for all persons

who opted in to Solsol from October 24, 2010, including all of the named Plaintiffs in this case.

### Defendant Scrub, Inc.

7.  SCRUB, INC. is a janitorial service contractor founded in 1969. It has employed over 5,000 employees during the period for which damages are sought by this Complaint.

8.  SCRUB, INC. is incorporated in Illinois and its corporate headquarters are located at 6033 Milwaukee Avenue, Chicago, IL 60646.

9.  At all times between October 16, 2010 through December 1, 2012, SCRUB, INC. was engaged in the business of, amongst other things, providing janitorial cleaning services to purchasers of janitorial cleaning services at Chicago's O'Hare International Airport, including but not limited to the City of Chicago and to airlines, for the cleaning of airline gate areas in the terminals.

10. At all relevant times, SCRUB, INC. was the "employer" of each of the Plaintiffs, as the term "Employer" is defined under the FLSA, the IMWL, and the IWPCA.

11. At all relevant times, SCRUB, INC. was the "employer" of each of the members of the putative classes alleged herein, as the term "Employer" is defined under the FLSA, the IMWL, and the IWPCA.

12. At all relevant times, SCRUB, INC. directed, implemented and controlled the illegal wage and rounding policies and practices at issue in this lawsuit. Further, SCRUB, INC. both ratified and implemented the illegal wage and rounding policies and practices on Plaintiffs and the putative class members.

### Teresa Kaminska

13. TERESA KAMINSKA has admitted that she has been an owner, the vice president

of operations, the president and a manager of SCRUB, INC.

14. TERESA KAMINSKA, directly and/or jointly with SCRUB, INC., and Defendant MARK RATHKE, directed, implemented and controlled the illegal wage and rounding policies and practices at issue in this lawsuit. Further, they both ratified and implemented the illegal wage and rounding policies and practices used on Plaintiffs and the class members.

15. At all relevant times, TERESA KAMINSKA has been the "employer" of Plaintiffs and members of the putative class, as the term "Employer" is defined under the FLSA and the IMWL.

### Mark Rathke

16. MARK. S. RATHKE has been the General Manager and a partial owner of SCRUB, INC.

17. At all relevant times, MARK S. RATHKE had the power to hire and fire all hourly employees of SCRUB, INC.

18. At all relevant times, Scrub, Inc.'s Vice President of Operations, who also had the authority to hire and fire all hourly employees of SCRUB, INC., reported to MARK S. RATHKE.

19. At all relevant times, MARK S. RATHKE has admitted that he has overseen all Human Resource functions of SCRUB, INC.

20. At all relevant times, MARK S. RATHKE has admitted that he has overseen all disciplinary policies and practices for hourly employees of SCRUB, INC.

21. At all relevant times, MARK S. RATHKE has admitted that he has overseen many financial aspects of the operations of SCRUB, INC., including establishing, implementing

and enforcing the payroll practices and policies of Defendants.

22. At all relevant times, MARK S. RATHKE has been involved in communications with the State and Federal Departments of Labor and the Equal Employment Opportunity Commission on behalf of SCRUB, INC.

23. At all relevant times, MARK S. RATHKE has had control over the FLSA, IMWL and WPCA violations alleged in this Complaint.

24. At all relevant times, MARK S. RATHKE was the "employer" of Plaintiffs and certain members of the putative class, as the term "Employer" is defined in the FLSA, the IMWL and the IWPCA.

25. At all relevant times, Sarah Coady has been the sole payroll processor for SCRUB, INC. and reported directly to MARK S. RATHKE.

### *Unlawful Actions of Defendants*

26. At all relevant times, TERESA KAMINSKA and MARK RATHKE, and/or each of them, trained all SCRUB, INC. supervisors to deduct 15 minutes from any hourly employee, including each of the named Plaintiffs herein, who arrived to work as little as 5 minutes after the start time of their scheduled shift.

27. At all relevant times, supervisors employed by SCRUB, INC. deducted 15 minutes of pay from hourly employees that arrived as little as 5 minutes after the start time of the scheduled shift.

28. At all relevant times, hourly employees of SCRUB, INC. could be disciplined, up to and including termination, for failing to obey the instructions from supervisors, even when those instructions resulted in a Plaintiff or putative class member not being paid for all time worked.

29. At all relevant times, it was the payroll policy but not the practice of Defendants to pay hourly, non-exempt employees for all work performed, regardless if the work was performed within or outside the scheduled shift hours of those employees.

30. At all relevant times, it was the payroll policy of Defendants to pay the agreed upon wage rate of each hourly, non-exempt employee for all hours worked during a week, up to forty (40) hours per week.

31. At all relevant times, Defendants utilized a handbook titled "SCRUB, INC. Work Policies and Policies" that Defendants referred to as Defendants' Work Rule Book, and that was authored by Defendant MARK S. RATHKE.

32. At all relevant times, it was the written payroll policy of Defendants to pay 1.5 times the agreed upon wage rate for each hourly, non-exempt employee for all hours worked in excess of forty (40) hours per week.

33. At all relevant times, it was the written payroll policy of Defendants to pay hourly employees for the time they spend in company transportation vans when they are being transported to and from their work areas and the punch clocks.

34. At all relevant times, it was the written payroll policy of Defendants that Janitors employed by Defendants must take their meal periods at the times specified by their supervisors.

35. At all relevant times, Defendants' practice was to preclude janitors from taking a full thirty-minute meal break during their shift, even though the entire meal break was unpaid.

36. At all relevant times, the policies and practices of Defendants defined "work" as "whatever we dictate as part of what you are required to do if you're employed by Scrub or Air Check."

37.  At all relevant times, the policies and practices of Defendants included the activity of gathering supplies and equipment within the definition of 'compensable work', regardless of whether that activity was performed within or outside of an hourly, non-exempt employee's scheduled shift time.

38.  At all relevant times, all hourly employees of Defendants were subjected to having their actual time recorded on their time cards rounded.

39.  Defendants have never interviewed, nor directed anyone to interview, individual hourly employees of SCRUB, INC. in order to determine if those employees have been performing any compensable work-related activities either before the beginning of their scheduled shifts, after the end of their scheduled shifts, or during unpaid meal breaks.

40.  Defendants have never analyzed and compared, or directed anyone to analyze and compare, the payroll records to the punch cards of hourly employees of SCRUB, INC. to determine if hourly employees were being paid for all recorded work time.

41.  Defendants have never conducted an audit of how much time hourly employees for SCRUB, INC. may have performed work during unpaid lunch breaks.

**Factual Background**

42. All of the janitors employed by Defendants, including each of the named Plaintiffs, have used punch cards as their daily timekeeping record.

43. Defendants have rounded the actual punch in and punch out times of janitors during all and/or part of the relevant time.

44. While working as janitors during the relevant time, certain of the named Plaintiffs and putative class members were instructed by TERESA KAMINSKA, MARK RATHKE and/or employees of Defendants acting under their direction and control to arrive early,

before their scheduled shift time, in order to collect their supplies, meet with supervisors and get to their designated areas so that they would be at their designated areas, ready to begin cleaning, at the start time of their regularly scheduled shifts.

45. Therefore, certain of the named Plaintiffs and putative class members would regularly arrive and punch-in for work before the start time of their scheduled shift.

46. Certain of the named Plaintiffs and putative class members regularly performed work before punching-in, and before the start time of their scheduled shifts, including but not limited to collecting supplies, preparing equipment and meeting with supervisors.

47. Certain of the named Plaintiffs and putative class members regularly performed work after punching-in, but before the start time of their scheduled shifts, including but not limited to collecting supplies, preparing equipment and meeting with supervisors.

48. Virtually all of the named Plaintiffs and putative class members regularly worked through some or all of their thirty minute unpaid meal breaks.

49. While working as janitors at O'Hare International Airport during the relevant time, Plaintiffs regularly performed work after the end time of their scheduled shifts, but before punching out, including but not limited to cleaning their equipment, replenishing supplies and returning equipment.

50. During the FLSA statutory recovery period, SCRUB, INC. adjusted janitors' actual punch times to conform with even hours and/or scheduled shift times, which typically resulted in the Plaintiffs and certain putative class members being paid 40 hours per workweek, or 8 hours per shift.

51. The punch cards of Plaintiffs were rounded from the actual punched in time to a rounded time in, to their detriment.

52. The punch cards of Plaintiffs were rounded from an actual punched out time to a rounded time out, to their detriment.

53. At the end of a pay period, Defendant TERESA KAMINSKA, MARK RATHKE and/or employees of Defendants acting under their direction and control, would round away any minutes recorded on Plaintiffs' punch cards that were logged prior to the start time, and, at times, after the end time of their regularly scheduled shifts. The rounded times, not the actual times, were then used to calculate and process payroll for Plaintiffs.

54. During the relevant time, certain of the named Plaintiffs and putative class members were regularly not paid for the additional overtime work performed prior to the start time of their scheduled shifts.

55. During the relevant time, certain of the named Plaintiffs and putative class members were not regularly paid for the additional overtime work performed after the end time of their scheduled shifts, or after they had punched out.

56. During the relevant time, certain of the named Plaintiffs and putative class members were not regularly paid for the additional overtime work performed during their unpaid meal breaks.

57. During the relevant time, Defendants failed to record the exact times of any break periods, including meal break periods, provided to Plaintiffs and to the putative class members.

58. Defendants' practice of rounding janitors' punch cards and failing to pay for all time worked is wide-spread and has occurred for a significant period of time.

59. The identity of the janitors who were not paid the actual time reflected on their punch cards can be determined by comparing the punch cards themselves to their supervisor's

summary records and their own payroll records, all of which are required to be kept by Defendants pursuant to 29 C.F.R. § 516 of the FLSA, and under relevant Illinois law.

60. The setting of wage and hour policies and practices for Defendants' janitors is directly established by TERESA KAMINSKA and MARK RATHKE and implemented upon the janitors working for SCRUB, INC.

61. At all times relevant herein, TERESA KAMINSKA and MARK RATHKE, directly and/or jointly with SCRUB, INC., originated, controlled and implemented the policy, practice and procedure of docking janitors for 15 minutes of time actually worked if they punched in for work 5 minutes late.

62. At all times relevant herein, TERESA KAMINSKA and MARK RATHKE, directly and/or jointly with SCRUB, INC. established a policy that forbids the payment of overtime to janitors unless it is pre- approved, even though janitors routinely work greater than forty hours per work week, with Defendants' knowledge and at Defendants' direction.

63. As a result of Defendants' wage and hour and rounding practices as alleged herein, the Defendants benefited from reduced labor and payroll costs which, in turn, increased the earnings of SCRUB, INC., TERESA KAMINSKA and MARK RATHKE.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT – OVERTIME WAGES**

64. Each of Plaintiffs re-allege Paragraphs 1 through 62 as and for Paragraphs 1 through 62 of this Count I.

65. Each of Plaintiffs bring this count pursuant to 29 U.S.C. §216(b) to recover unpaid overtime wages, liquidated damages, attorneys' fees and costs, and other damages owed.

66. Each of Plaintiffs are hourly-paid, non-exempt, full-time janitors whom Defendants

employed during the relevant time period and whose daily punch in and punch out time was rounded and/or unpaid as described above.

67. Defendants operated under a scheme and practice, as described above, to deprive each of Plaintiffs of overtime compensation and thereby increase their earnings and, ultimately SCRUB, INC.'s profits.

68. Section 207(a)(1) of the FLSA requires that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

69. Each of Plaintiffs were not paid for all hours worked in excess of 40 in a week in violation of the maximum hours provisions of the FLSA, to wit, 29 U.S.C. 207(a).

70. While punched in, each of Plaintiffs were subject to the control of Defendants and engaged in activities that were not undertaken for their own convenience, but were necessary for the performance of their duties for Defendants and integral and indispensable to their principal activities. Despite this, Plaintiffs regularly were required to work "off the clock" as set forth herein that entitled them to compensation therefore:

- During meal periods, which were not time for which any of Plaintiffs were paid, Defendants required and/or permitted Plaintiffs to remain on duty on the premises or at a prescribed work site in the interest of the employer.

- Defendants required and/or permitted Plaintiffs and the putative class members to routinely work through some or all of their meal periods, without pay.

- Defendants required and/or permitted certain of Plaintiffs to work either on or off the clock, prior to the beginning of the janitor's scheduled shift, and without pay for such time worked prior to the beginning of the janitor's scheduled shift.

- Defendants required and/or permitted certain of Plaintiffs to remain on duty on the premises or at a prescribed work site, after they were punched out and off the clock, in the interest of the employer.

71. Defendants' rounding practices violated the overtime provisions of the FLSA because Defendants did not pay the overtime wages for all work performed by Plaintiffs.

72. Defendants' rounding practices as set forth herein violate the record-keeping requirements set forth in Section 29 U.S.C. § 211(c), and in 29 C.F.R. § 516.2(7)-(9).

73. The action of Defendants to not pay overtime or premium pay for all hours worked over 40 in a week and their failure to keep accurate payroll records was willful in that Defendants knew that the FLSA required them to pay time and one-half for all hours worked over 40 in a workweek and Defendants knew that the FLSA required them to maintain true and accurate records.

74. As a direct and proximate result thereof, each of the Plaintiffs are due unpaid overtime and liquidated damages, pursuant to 29 U.S.C. § 216.

WHEREFORE, each of the Plaintiffs pray for judgment against Defendants, jointly and severally, as follows:

A. Declare and find that Defendants committed one or more of the following acts:

    i. Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiffs; and

    ii. Willfully violated the overtime provisions of the FLSA; and

    iii. Willfully violated the recordkeeping provisions of the FLSA;

B. Award compensatory damages, including all pay owed, in an amount according to proof;

C. Award liquidated damages on all compensation due accruing from the date

such amounts were due;

D.    Award all costs and reasonable attorneys' fees incurred in prosecuting this claim; and

E.    For such further relief as the Court deems just and equitable.


## COUNT II
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

**(Brought as a Class Action by each of Plaintiffs, Individually and on Behalf of All Others Similarly Situated)**

75. Plaintiffs reallege paragraphs 1-63.

76. This Count arises from Defendants' willful violation of the IMWL for Defendants' failure to pay each of the Plaintiffs and the putative class alleged herein for all their earned minimum wages and overtime wages under the provisions of the IMWL. Plaintiffs and the class are current and former employees of Defendants who are due, and who have not been paid, minimum wages and overtime wages for all time worked by them.

77. Section 105/4(a) of the IMWL requires employers to pay employees one and one half times their regular rate for all hours worked over 40 per work week.  Section 105/12 provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and for other appropriate relief.

78. Defendants violated the IMWL by regularly and repeatedly failing to properly compensate Plaintiffs and similarly-situated employees for the straight time and overtime they worked each week.

79. In order to materially improve the presentation of relevant considerations regarding janitorial employees who have claims under the Illinois Minimum Wage Law, several classes and subclasses are set forth herein:

(a) The proposed class of similarly situated persons in Class (a) is represented by named Plaintiffs Darrell Cain and Scott Trice, and consists of all employees who have worked in the State of Illinois and who were or are currently employed by Defendants, their subsidiaries, affiliates, predecessors and/or successors, as janitors or other similarly titled positions, not including cabin cleaners, provisioners of supplies to airplanes, or drivers, at any time during the relevant statute of limitations period, who collected supplies, equipment and/or performed other work before punching, and who were not paid for such time worked; and who worked forty hours or more in one or more work weeks;

(b) The proposed class of similarly situated persons in Class (b) is represented by named Plaintiffs Miguel Sanchez, Ricardo Alicea and Diana Petty, and consists of all employees who have worked in the State of Illinois and who were or are currently employed by Defendants, their subsidiaries, affiliates, predecessors and/or successors, as janitors or other similarly titled positions, not including cabin cleaners, provisioners of supplies to airplanes, or drivers, at any time during the relevant statute of limitations who collected supplies, equipment, and/or performed other work after punching in but before their scheduled shift start time, whose actual punch-in and punch-out times were rounded to their detriment, or who were otherwise not paid for such time worked, and who worked forty hours or more in one or more work weeks.

(c) Class (b) is further divided into subclasses of even more similarly situated persons,

each subclass consisting of those class members who worked for or under the direction of each of Defendants' janitorial supervisors, whether departmental or otherwise, employed during the relevant time period, and excludes those employees working as drivers, as airplane cabin cleaners, or in provisioning equipment or supplies for janitors or other employees.  Upon information and belief, there are approximately thirty-six subclasses of employees in Class (b), but the number of subclasses and the identity of each subclass member will be determined more specifically in discovery.

80.  Defendants' failure to compensate Plaintiffs and the putative class as set forth above for the full amount for all time worked violates Section 4(a) of the IMWL.  See, 820 ILCS 105/4(a).

81. Count II is brought pursuant to Fed. R. Civ. P. 23(a) and 23(b) because the class of plaintiffs is so numerous that joinder of all class members is impracticable.  The number of janitors employed by Defendants during the relevant time period who fit one or more of the class or subclass definitions is in the thousands.

82. The named Plaintiffs as class representatives and the putative class members have been equally affected by Defendants' failure to pay wages earned.

83. Furthermore, those putative class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

84. The issues involved in this lawsuit present common questions of law and fact, specifically:

> i.  Whether janitors were required and/or permitted to arrive early to work before the start of their scheduled shift times and/or remain at the workplace past the end of their scheduled shift times in order to retrieve, gather and prepare their cleaning supplies and equipment and/or for cleaning and re-supplying their cleaning equipment and supplies; and

ii.   Whether the putative class members were unpaid for their pre-shift and post-shift work; and

iii.   Whether the putative class members performed work during at least some of their unpaid meal breaks.

85. These common questions of law and fact predominate over the variations which may exist between members of the class, if any.

86. The named plaintiffs, the class members, and Defendants have a commonality of interest in the subject matter and remedy sought.

87. The class representatives are able to fairly and adequately represent and protect the interests of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to class members, to the Court, and to the Defendants.

88. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

WHEREFORE, Plaintiffs pray that this Court award the following relief under Count II:

A.   Certify a class of individuals who were employed by Defendants as hourly-paid non-exempt janitors in the State of Illinois at any time during the relevant statute of limitations period, as set forth above in paragraph 78 and appoint Plaintiffs' counsel as counsel for the class;

B.   Declare and find that Defendants committed one or more of the following acts:

i.   Violated provisions of the Illinois Minimum Wage Law, 820 ILCS §105 *et seq*., by failing to pay minimum wages to Plaintiffs;

ii.   Violated overtime provisions of the Illinois Minimum Wage Law, 820 ILCS §105 *et seq*., by failing to pay overtime wages to Plaintiffs; and

iii.   Willfully violated minimum wage and overtime provisions of the Illinois

Minimum Wage Law, 820 ILCS §105 *et seq*.

    C.    Award compensatory damages, including all regular and overtime pay owed, in  an amount according to proof;

    D.    Award interest on all regular and overtime  compensation  due  accruing  from the date such amounts were due;

    E.    Award all costs and reasonable attorney's fees incurred prosecuting this claim; and

    F.    For such further relief as the Court deems just and equitable.

**COUNT III**
**VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT**
**MINIMUM WAGE LAW**

**(Brought as a Class Action by each of Plaintiffs, Individually and on Behalf of All Others Similarly Situated)**

89. Plaintiffs reallege paragraphs 1-63.

90. This Count arises from Defendants' willful violation of the IWPCA for Defendants' failure to pay certain Plaintiffs and the putative class alleged herein for all their earned wages at the rate agreed pursuant to the terms of the applicable collective bargaining agreement and contract(s) with Defendants, under the provisions of the IWPCA.

91. The proposed class of similarly situated persons class arising under this Count III is represented by named Plaintiffs Jorge Angeles and Krystina Kosiba, and consists of certain of the named Plaintiffs and current and former employees of Defendants who worked as non-exempt employees during the relevant time period in the State of Illinois, pursuant to the terms of a collective bargaining agreement and contracts with the City of Chicago that provided for graduated hourly rates, enhanced premium pay, and other

compensation and benefits, whom Defendants agreed to pay, and who are due, but have not been paid their wages, compensation, and/or other benefits earned and due for all time worked by them.

92. During the course of their employment with Defendants, Plaintiffs each had an agreement within the meaning of the IWPCA to be compensated for all time worked at the rate agreed to by the parties.

93. In one or more individual work weeks, Defendants did not pay Plaintiffs for all hours worked at the rates agreed to by the parties, as described in paragraphs 89-90, *supra*.

94. Plaintiffs were each entitled to be compensated for all time worked as agreed between Plaintiffs and Defendants.

95. Plaintiffs are each entitled to recover owed wages for as far as ten (10) years prior to the filing of this lawsuit.

96. Defendants' failure to compensate Plaintiffs and the putative class for the full amount of all time agreed to be paid violates the IWPCA.

97. Count III is brought pursuant to Fed. R. Civ. P. 23(a) and 23(b) because the class of plaintiffs is so numerous that joinder of all class members is impracticable. The number of janitors employed by Defendants during the relevant time period is in the hundreds.

98. The named plaintiffs as class representatives and the putative class members have been equally affected by Defendants' failure to pay wages that were agreed to be paid.

99. Furthermore, those putative class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

100. The issues involved in this lawsuit present common questions of law and fact,

specifically:

(a) Whether Defendants agreed to pay the putative class of janitors a particular rate, premium pay, and/or other benefits; and

(b) Whether the putative class members were unpaid for work they performed but for which Defendants agreed to pay them.

101.    These common questions of law and fact predominate over the variations which may exist between members of the class, if any.

102.    The named plaintiffs, the class members, and Defendants have a commonality of interest in the subject matter and remedy sought.

103.    The class representatives are able to fairly and adequately represent and protect the interests of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to class members, to the Court, and to the Defendants.

104.    Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

WHEREFORE, Plaintiffs pray that this Court award the following relief under Count II:

(a) Certify a class of individuals who were employed by Defendants as hourly-paid non-exempt janitors in the State of Illinois at any time during the relevant statute of limitations period as defined in paragraph 90, *supra,* and appoint Plaintiffs' counsel as counsel for the class;

(b) Declare and find that Defendants committed one or more of the following acts:

• Violated provisions of the Illinois Wage Payment and Collection Act, by failing to pay agreed upon wages to Plaintiffs; and

• Willfully violated the provisions of the Illinois Wage Payment and Collection Act.

(c) Award compensatory damages, including all regular, premium, and overtime pay owed, in an amount according to proof;

(d) Award interest on all regular, premium, and overtime compensation due accruing from the date such amounts were due;

(e) Award all costs and reasonable attorney's fees incurred prosecuting this claim; and

(f) For such further relief as the Court deems just and equitable.


JURY DEMANDED ON ALL COUNTS

Date: July 11, 2017

**Respectfully Submitted,**
**Attorney for Plaintiffs and the**
**putative classes**

By: /s/ Glen J. Dunn
Glen J. Dunn
One of Plaintiffs' attorneys

Jeffrey Grant Brown                          Glen J. Dunn, Jr.
Jeffrey Grant Brown, P.C.                    Glen J. Dunn & Associates, Ltd.
221 North LaSalle Street, Suite 1414         221 North LaSalle Street, Suite 1414
Chicago, IL 60601                            Chicago, IL 60601
312.789.9700                                 312.546.5056