UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HASSAN ABDI, et. al., | ) | Case No. 17-cv-05136 |
| | ) | |
| Plaintiffs, | ) | District Judge John J. Tharp, Jr. |
| | ) | |
| v. | ) | Magistrate Judge Maria Valdez |
| | ) | |
| SCRUB, INC., et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STIPULATION OF SETTLEMENT**

This Joint Stipulation of Settlement ("Joint Stipulation") was entered into by Named Plaintiffs, Ricardo Alicea, Jorge Angeles, Darrell Cain, Krystina Kosiba, Diana Petty, Miguel Sanchez and Scott Trice ("Named Plaintiffs"), on behalf of themselves and the Opt-in Plaintiffs (collectively "Plaintiffs"), and Defendants, Scrub, Inc., Mark Rathke and Teresa Kaminska (collectively "Defendants"), and is conditioned upon the Court's approval.

**1. Definitions**

The following terms used in this Joint Stipulation have the meanings set forth below, except where otherwise more precisely defined herein.

    A.    "Lawsuit" means the civil lawsuit filed in this action in the U.S. District Court for the Northern District of Illinois, styled *Abdi, et. al. v. Scrub, Inc., et. al.,* Case No. 17-cv-05136.

    B.    "Plaintiffs' Counsel" means Glen J. Dunn & Associates, Ltd. and Jeffrey Grant Brown, P.C.

    C.    "Court" means the U.S. District Court for the Northern District of Illinois, Eastern Division.

- 2 -

D.  "Opt-in Plaintiffs" shall mean all individuals who have signed and submitted consent forms to opt-in to the Lawsuit by June 5, 2018.

E.  "Parties" means Plaintiffs and Defendants, collectively, each being separately a "Party".

F.  "Released Parties" means Defendant, Scrub, Inc., and its former and present parents, subsidiaries and affiliated corporation and their respective officers, directors, shareholders, employee and agents, including Defendant, Mark Rathke, and all of his heirs and assigns, and Defendant, Teresa Kaminska, and all of her heirs and assigns, and all of Defendants successors, assigns and legal representatives.

G.  "Settlement" shall mean the resolution of the Lawsuit as effectuated by the Joint Stipulation.

H.  "Settlement Fund" shall refer to the common settlement fund to be funded by Defendants in the amount of $157,200.00, and that will be distributed in accordance with this Joint Stipulation.

I.  "New Settlement Fund" shall mean the Settlement Fund less the amounts awarded by the Court for Plaintiffs' Attorneys' Fees and litigation costs, and for the Named Plaintiffs' service award.

J.  "Settlement Payments" means the amounts to be paid to the Opt-in Plaintiffs from the Net Settlement Fund as described in Section 4 of this Joint Stipulation.

**2.  This Joint Stipulation is Contingent on Court Approval**

If, for any reason, the material terms of this Joint Stipulation are not approved by the Court, this Joint Stipulation shall be void and have no force or effect. Whether or not the Joint Stipulation is approved by the Court, neither the Joint Stipulation nor any document, statement,

- 2 -
4828-4157-0415.1.25333.65247

proceeding, or conduct related to this Joint Stipulation, nor any reports or accounts thereof, shall in any event be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to any Party. Pending Court approval, the Lawsuit is stayed and the Parties shall not pursue any discovery or otherwise litigate the claims.

**3.** **Statement of No Admission**

A. Although the Parties do not abandon the positions they took in the Lawsuit, they believe that continued litigation would be protracted, expensive, uncertain and contrary to their best interests. In light of these realities, the Parties believe that this Joint Stipulation is fair and reasonable and the best way to resolve the disputes between them.

B. Defendants deny all claims as to liability, wrongdoing, damages, penalties, interest, fees, injunctive relief and all other forms of relief, as well as the collective allegations asserted in the Lawsuit. Defendants further deny that this Lawsuit is appropriate for collective or class treatment. Defendants have agreed to resolve the Lawsuit via this Joint Stipulation, but to the extent this Joint Stipulation is deemed void, Defendants do not waive, but rather expressly reserve, all rights to challenge any and all claims and allegations asserted by the Named Plaintiffs in the Lawsuit and/or any Opt-in Plaintiffs should the case proceed, upon procedural and substantive grounds, including without limitation, the ability to challenge collective and class action treatment and to assert any and all other potential defenses or privileges. Named Plaintiffs and Plaintiffs' Counsel agree that, if the Lawsuit were to proceed, they will not argue or present any argument and hereby waive any argument that, based on this Joint Stipulation and Settlement, or any exhibit or document attached hereto, Defendants should be barred from contesting collective action certification pursuant to the FLSA or class action certification on any grounds or from asserting any and all other potential defenses and privileges.

- 4 -

C. This Joint Stipulation shall not be deemed an admission by, or a basis for estoppel against, Defendants that conditional certification under 29 U.S.C. § 216(b) in the Lawsuit or any other litigation is proper or cannot be contested. Additionally, neither this Joint Stipulation nor the Settlement, nor any documents, statement or proceeding related to the Joint Stipulation and Settlement shall be construed as, offered or admitted in evidence as, or deemed to be evidence for any purpose adverse to the Released Parties, including any evidence of a presumption, concession, indication or admission by the Released Parties of any liability, fault, wrongdoing, omission, or damage, other than for enforcement of this Joint Stipulation. Nor shall this Joint Stipulation be disclosed, referred to, offered or received in evidence against the Released Parties in any further proceeding in this Lawsuit, or in any other civil, criminal, or administrative action or proceeding except for the purposed of settlement of the Lawsuit or enforcement the settlement herein.

**4.** **Monetary Terms of Settlement**

A. In order to settle the Lawsuit, and as consideration for the release of claims from the Named Plaintiffs and Opt-in Plaintiffs, dismissal of the Lawsuit, and other good and valuable consideration as set forth herein, Defendants will deposit into a Settlement Account the total sum of $157,200.00, which shall be used to provide for: (1) settlement payments to the Named Plaintiffs and Opt-in Plaintiffs, as further described herein; (2) service awards to the Named Plaintiffs, as further described herein; and (3) Plaintiffs' Counsel's attorneys' fees and costs, as further described herein.

B. The Settlement Fund shall be allocated as follows, subject to Court approval: (1) the amount available from the Settlement Fund for the Named Plaintiffs' and Opt-in Plaintiffs' *pro rata* Settlement Payments ("Net Settlement Fund") shall be the Settlement Fund minus the

amounts paid to (a) the Named Plaintiffs as service awards; and (b) Plaintiffs' Counsel as payment for Plaintiffs' attorneys' fees and litigation costs. The amounts to be deducted from the Gross Settlement Fund are set forth below.

C. In addition to each of their *pro rata* shares of the Net Settlement Fund, and in exchange for their release set forth herein, each of the Named Plaintiffs shall receive an additional payment of $300.00 as a service award.

D. A sum of no more than $40,000 will be paid to Plaintiffs' Counsel for Plaintiffs' attorneys' fees and litigation costs reasonably incurred in the Lawsuit.

E. Except for the amount paid to the Settlement Administrator, forth in Section 5A below, Defendants' total obligation under this Joint Stipulation shall not exceed $157,200.00, inclusive of all payments described in this section and the employees' portion of any legal and tax withholdings, but excluding Defendants' payment of the employer's share of applicable state and federal payroll taxes associated with the Settlement Payments to the Named Plaintiffs and the Opt-in Plaintiffs.

F. Each of the Named Plaintiffs' and Opt-in Plaintiff's Settlement Payments shall be calculated based on pro-rated total average of alleged uncompensated time worked, and the number of work weeks each such employee worked for Defendants, and the average rate of pay for the employees. Each Named Plaintiff and Opt-in Plaintiff will be paid their pro rata percentage of the net settlement fund, calculated by multiplying their total number of work weeks by their actual, or average, hourly rate of pay, and then dividing that total by the aggregate value of all work weeks multiplied by their various rates of pay.

5. **Settlement Claims Administration**

A. The Parties have retained Combs, LLC., a wage and hour settlement administrator, to serve as the Settlement Administrator. The Settlement Administrator's fees will be separately paid by the Defendants, which will be in addition to the amount of the Settlement Fund.

B. The Settlement Administrator will issue one check for each Settlement Payment to the Named Plaintiffs and Opt-in Plaintiffs for the Settlement Payment with regular payroll taxes and withholdings being taken from fifty precent (50%) of the gross payment amount based on a flat withholding rate, which is reasonable and customary in accordance with Treas. Reg. 31.3402(g)-1(a)(2), and as calculated by the Settlement Administrator. Fifty percent (50%) of each gross payment amount will be considered taxable wages, with the remaining fifty-percent (50%) considered as non-taxable personal injury damages. State taxes will be withheld according to applicable state tax withholding requirements, which shall be computed by the Settlement Administrator. The Settlement Administrator shall issue each Named Plaintiff and Opt-in Plaintiff an IRS Form W-2 for fifty percent (50%) of the gross amount of the Settlement Payment, and a Form 1099 for the remaining fifty percent (50%) of the gross amount of the Settlement Payment.

C. For tracking purposes, the Settlement Administrator shall also include a unique control number on each check issued, and the Settlement Administrator shall maintain a central database that designates the control number associated with each Settlement Class member. The back of each check to each of the Named Plaintiffs and Opt-in Plaintiffs will contain the following endorsement:

> By cashing this check, I agree to participate in the settlement of the case, *Abdi v. Scrub, Inc., et. al.,* and to be bound by the release of claims in the Joint Stipulation of Settlement.

**6.** **Release Of Claims**

A. All Named Plaintiffs and Opt-In Plaintiffs shall release claims against Defendant Scrub, Inc. ("Scrub"), and its former and present parents, subsidiaries and affiliated entities, and their respective officers, directors, shareholders, employees and agents, including Defendants Teresa Kaminska, Mark Rathke and all of their heirs and assigns, and all of the Defendants' successors, assigns and legal representatives (the "Released Parties") from all federal and state wage and hour claims related to the Named Plaintiffs' and Opt-In Plaintiffs' employment by Scrub, whether known or unknown, that each of them had from the beginning of the *Solsol* class period on October 24, 2010 through June 5, 2018, including all claims asserted or which could have been asserted against the Defendants related to minimum wage or overtime compensation under the Fair Labor Standards Act and Illinois law, including related claims such as wage and hour retaliation and claims for attorneys' fees and costs. The release will not be a general release and will not be construed to include the release of unrelated claims such as, and without limitation, claims of discrimination and claims for workers' compensation benefits.

B. The release shall become effective upon final Court approval, and will release claims through June 5, 2018.

**7.** **Construction and Interpretation of Settlement**

A. The Parties agree that the terms and conditions of this are the result of lengthy, arms-length negotiations between the Parties, and that the Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of the Settlement.

B. This Joint Stipulation may not be changed, altered, or modified, except in writing and signed by the Parties and approved by the Court. The Joint Stipulation may not be

discharged except by performance in accordance with its terms or by a writing signed by the Parties and approved by the Court.

    C.    This Joint Stipulation contains the entire agreement among the Parties relating to the settlement of the Lawsuit and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Joint Stipulation.  No rights under this Joint Stipulation may be waived except in writing.

    D.    This Joint Stipulation shall be binding and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, predecessors, successors and assigns.

    E.    This Joint Stipulation may be executed in counterparts and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original and, when taken together with other counterparts, shall constitute one Joint Stipulation.  A copy, facsimile or digital image of this executed Joint Stipulation or a counterpart shall be binding and admissible as an original.

    F.    The Parties will request that the Court expressly retain jurisdiction to enforce the terms of the Joint Stipulation.

**8.**    **Collective Signatories**

    A.    The Named Plaintiffs execute this Joint Stipulation on behalf of themselves and in their representative capacity on behalf of the Opt-In Plaintiffs.  It is agreed that it is burdensome to have all of the Opt-In Plaintiffs execute this Joint Stipulation.  This Joint Stipulation shall have the same force and effect as if each Opt-In Plaintiff executed this Joint Stipulation.

(signatures appear on following pages)

- 9 -

IN WITNESS WHEREOF, the undersigned have duly executed this Joint Stipulation as of the date indicated below:

**<u>PLAINTIFFS</u>**

Dated: _____  RICARDO ALICEA

_____

Dated: _____  JORGE ANGELES

_____

Dated: _____  DARRELL CAIN

_____

Dated: _____  KRYSTINA KOSIBA

_____

Dated: _____  DIANA PETTY

_____

Dated: _____  MIGUEL SANCHEZ

_____

4828-4157-0415.1.25333.65247

Dated: _____  <u>SCOTT TRICE</u>

                                                                 _____

Dated: _____  GLEN J. DUNN, JR.
                                                                 GLEN J. DUNN & ASSOCIATES, LTD.

                                                                 By: _____
                                                                 Attorney for Plaintiffs

Dated: _____  JEFFREY GRANT BROWN
                                                                JEFFREY GRANT BROWN, P.C.

                                                                 By: _____
                                                                 Attorney for Plaintiffs

**DEFENDANTS**

Dated: _____  SCRUB, INC.,

                                                                By: _____
                                                                Its: _____
                                                                _____

Dated: _____  MARK RATHKE

                                                               _____

Dated: _____  TERESA KAMINSKA

                                                               _____

- 11 -

Dated: _____  CHUHAK & TECSON, P.C.

By: _____
Francisco E. Connell
Attorney for Defendants